NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD BERNAL,

Plaintiff-Appellant,

v.

CITY OF GLENDORA, a public entity; et al.,

Defendants-Appellees.

No.    22-55391

D.C. No.
2:21-cv-02459-RGK-AS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted March 13, 2023[**]
Pasadena, California

Before:  LEE, BRESS, and MENDOZA, Circuit Judges.

This Section 1983 lawsuit arises out of an arrest after a 911 call reporting a vehicle for reckless driving.  Richard Bernal sued claiming that his arrest occurred without probable cause and that an officer used excessive force against him in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of the Fourth Amendment and Fourteenth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's summary judgment for the defendants.

1. The district court did not err in granting summary judgment on the unlawful arrest claim. An arrest is lawful when it is supported by probable cause. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Dubner v. City & County of San Francisco*, 266 F.3d 959, 966 (9th Cir. 2001).

A reasonable officer would have probable cause to believe that Bernal was driving under the influence of drugs or alcohol. *See Ramirez*, 560 F.3d at 1024. When the officers stopped Bernal's van after receiving the 911 call, they observed that Bernal's pupils were constricted, that his eyes were red and watery, that he had an elevated heart rate, and that he spoke rapidly and without focus. In response to these observations, an officer administered a "Romberg Test," which is designed to assess time distortions caused by substance use. Bernal failed this test—waiting only seven seconds to indicate his perception that thirty seconds had passed. The officer repeated the test, and Bernal once again failed. Based on this examination and the officers' observations, the officers placed Bernal under arrest on suspicion

2

of driving under the influence of a controlled substance.

Bernal does not dispute that he exhibited the symptoms described by the officers. And although he asserts that the arresting officer was inadequately trained, he does not claim that the Romberg test was administered improperly or that the officer inaccurately reported its results. Because there is no genuine dispute of material fact that the officers observed signs that Bernal was intoxicated, the district court did not err in determining that these facts could lead a reasonable officer to find probable cause to arrest Bernal.

2. <u>The district court did not err in granting summary judgment on the excessive force claim.</u> Bernal's excessive force claim centers on his allegation that an officer, when leading Bernal into the detention center, either kicked or struck him in the back, causing him to fall to the ground. The allegation is flatly contradicted by video surveillance of the detention facility's entryway. The video does not show the officer kicking or striking him. Rather, it appears that Bernal fell to the ground as the officer, who put a resisting Bernal in a control hold, directed him to the detention facility.

We thus review this claim "in the light depicted by the videotape," *Scott v. Harris*, 550 U.S. 372, 380–81 (2007), and conclude that any alleged force used by the officer was not excessive. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *Acosta v. City of Costa Mesa*, 718 F.3d 800, 826 (9th Cir. 2013); *Forrester v. City*

3

*of San Diego*, 25 F.3d 804, 807 (9th Cir. 1994); *Eberle v. City of Anaheim*, 901 F.2d 814, 820 (9th Cir.1990).

3.   <u>The district court did not err in granting summary judgment on the state-law claims.</u>  Because we hold that Hauck did not use excessive force against Bernal, we affirm the district court's grant of summary judgment on Bernal's state-law claims, which require either unreasonable force or outrageous conduct.  *See Venegas v. County of Los Angeles*, 63 Cal. Rptr. 3d 741, 755 (Ct. App. 2007); *Edson v. City of Anaheim*, 74 Cal. Rptr. 2d 614, 616 (Ct. App. 1998); *Davidson v. City of Westminster*, 649 P.2d 894, 901 (Cal. 1982).

4.   <u>The district court did not err in granting summary judgment for the city defendants.</u>  Likewise, because we conclude that Bernal has not shown that any unlawful conduct occurred, we affirm the district court's grant of summary judgment on Bernal's derivative claims against the city defendants.  *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); Cal. Gov't Code § 815.2.

**AFFIRMED.**